In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-1470

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAMON CLEMONS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:01-CR-00137—**James T. Moody**, *Judge.*

ARGUED SEPTEMBER 12, 2003—NOVEMBER 19, 2003

Before BAUER, KANNE, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Two issues are presented in this appeal challenging the sentence Damon Clemons received earlier this year after pleading guilty to an indictment charging him with possessing crack cocaine with intent to distribute. Although Clemons loses on one of his issues, he wins on the other, and so we return the case to the district court for resentencing.

Clemons was arrested, after a traffic stop, in May 2001. In the car and on his person, police recovered 3.37 grams of crack. Clemons agreed to "cooperate" with law enforcement officers. He gave a statement (the crucial point of this appeal) shortly after the arrest saying that he

was selling $100 to $200 worth of crack "off and on for approximately a year."

Clemons never entered into a formal "cooperation" agreement with the government, and apparently whatever "help" he gave proved to be of little value. Eventually his sentencing day arrived, and a critical issue became the amount of crack attributable to him as relevant conduct under the guidelines. During a discussion between Clemons' lawyer and a government attorney after the preparation of an initial presentence report (which is not part of the record), both sides agreed that between 5 and 20 grams was the appropriate range. But a second presentence report, the "official" one in the record, pegged the range at between 50 and 150 grams, reasoning that a gram of crack sells for $100 and that selling crack at that price "off and on for approximately a year" equals 52 grams sold.

On appeal, Clemons first argues that his post-arrest statement was protected under §1B1.8 of the guidelines and that it could not, therefore, be used against him at sentencing. Section 1B1.8 provides that "where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and the government agrees that self-incriminating information so provided will not be used against the defendant, then such information shall not be used in determining the applicable guideline range."

The government, oddly, agreed at sentencing that §1B1.8 applied, but the savvy district judge wisely rejected the claim. Clemons' statement, made to police after his arrest and before "even the glimmerings of plea negotiations," *United States v. Rutledge*, 900 F.2d 1127, 1132 (7th Cir. 1990), was not the sort of utterance protected by §1B1.8. Much more, in terms of formality, is necessary to trigger the limitations on using statements of "cooperation"

that §1B1.8 affords. So the statement was properly considered, but was it given too much weight?

We apply a deferential "clear error" standard when reviewing a district court's calculation of the amount of drugs attributable to a defendant as relevant conduct under the guidelines. *United States v. Acosta*, 85 F.3d 275 (7th Cir. 1996). And upon review of the record, we conclude that a clear error was committed.

Other than the 3.37 grams seized at the time of his arrest, no other "evidence" of drug dealing is in the record apart from the critical statement we have already quoted. And Clemons' limiting "off and on" description of his prior dealing is too vague upon which to rest a finding that he sold between 50 to 150 grams. If he was "off" much or most of the time, that range is too high a point to use as the basis for his sentence. So the case must be returned to the district court for a do-over. At the resentencing, the district court can either find that 5 to 20 grams is the appropriate range or conduct a full-scale hearing to see if the range should be moved up a few notches.

Accordingly, Clemons' sentence is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*